*410 OPINION.
MtjRdock :
The petitioner relies on the fact that he merely restored the property and placed it in the same condition as it had been in before the fire occurred and contends that under sections 214 (a) (12) and 202 (d) (2) of the Act of 1921 his deductible loss during the taxable year resulting from the fire is the sum of $25,725.60, being the difference between the amount expended in the restoration of the building and the amount of the insurance received.
However, the above sections are relief provisions permitting a taxpayer to postpone the taxation of so much of a gain realized at the time of voluntary conversion of property as is used for replacement, Appeal of International Boiler Works Co., 3 B. T. A. 283; *411 Appeal of Cotton Concentration Co., 4 B. T. A. 121, and are not applicable in the determination of a loss. A loss must be measured not by the difference between the cost of restoration and the amount of insurance received, but upon the basis of cost or March 1, 1913, fair market value properly depreciated. Samuel Greenbaum v. Commissioner, 8 B. T. A. 75; George B. Friend v. Commissioner, 8 B. T. A. 712; Pelican Bay Lumber Co. v. Commissioner, 9 B. T. A. 1024. This is the case, whether or not the petitioner had claimed depreciation as a deduction in his previous returns. See Appeal of Even Realty Co., 1 B. T. A. 355.
The Commissioner has used a market value as of March 1, 1913, depreciated to the date of the fire as the basis for his computation, and it is agreed that the market value and the depreciation used are correct in their respective amounts. His method appears to be in accord with the provisions of the Revenue Act of 1921. However, it is now apparent that instead of the estimated cost of restoration, or $41,001.35, the petitioner has actually expended the sum of $44,361.60, and we are of the opinion that the latter amount should take the place of the former amount in the Commissioner’s computation of the petitioner’s loss.

Judgment will be entered in accordance with the foregoing opinion on notice of 15 days, wider Rule 50.